**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

---------------------------------------------------------------------X

CHRISTOPHER LAWRENCE,

Plaintiff,

: C.A. N.O.:

-vs-

: JURY TRIAL DEMANDED

CSX TRANSPORTATION, INC.

Defendant. :

---------------------------------------------------------------------X

## **COMPLAINT**

## **NATURE OF ACTION**

1. The plaintiff brings this Federal Employers' Liability Act action against the defendant pursuant to 45 U.S.C. 51 et seq. for injuries suffered by him while in the employ of the defendant Railroad.

## **PARTIES**

2. The Plaintiff, Christopher Lawrence, is an individual who resides in South Portland, Cumberland County, Maine, and at all times relevant to this complaint was employed as a conductor by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 ("FELA").

3. The Defendant, CSX Transportation, Inc. ("CSXT") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 500 Water Street, Jacksonville, Florida, 32202, and at all times relevant hereto, the defendant was a common carrier, engaged in the business of interstate commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et. seq., between the States of Massachusetts and Maine.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 45 U.S.C. § 56 and 28 U.S.C. § 1331. Venue lies in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this judicial district.

## COUNT I

## NEGLIGENCE UNDER FELA (45 U.S.C. 51 et seq.)

5. During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between said Billerica, Massachusetts and Portland, Maine; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.
6. At the time the plaintiff received the injuries he complained of, he was employed by the defendant railroad as a conductor.
7. At the time the plaintiff received the injuries complained of the defendant railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.
8. On or about September 28, 2023, the plaintiff was employed by the defendant and was engaged in his duties as a conductor in the Rigby Yard which yard, tracks, rails, switches, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the negligence of the defendant, its agents, servants or employees, the plaintiff was injured.
9. As a result of the Defendant's negligence, the plaintiff sustained injuries to his right foot while walking on uneven, oversized sized, and un-tamped ballast on a walkway in Rigby Yard, in Portland, Maine.

10. Prior to the plaintiff's injuries on September 28, 2023, there were multiple complaints about the condition of the ballast in the location where the plaintiff was injured.

11. Prior to the plaintiff's injuries on September 28, 2023, there was at least one other injury reported as a result of the ballast in the location where the plaintiff was injured.

12. Defendant owed Plaintiff a non-delegable duty to provide a reasonably safe place to work and to exercise ordinary care in the maintenance of its railroad yard, ballast, and equipment.

13. As a result of defendant's failure to provide the plaintiff with a reasonably safe place to work in violation of 45 U.S.C., Section 51, and to comply with applicable federal safety statutes, the plaintiff has suffered and will continue to suffer permanent physical injuries.

14. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

    a. in failing to provide the plaintiff with a reasonably safe place to work;

    b. in failing to provide the plaintiff with suitable tools and proper equipment;

    c. in failing to properly maintain the walkway;

    d. in failing to properly tamp the ballast;

    e. in failing to remedy the defective ballast condition on the yard which was previously reported;

    f. in failing to warn plaintiff of the defective yard ballast;

    g. in requiring plaintiff to work and walk on ballast which was not reasonably safe for the use to which it was intended;

    h. in failing to comply with its own safety rules, regulations, procedures, and safety practices;

    i. in failing to follow industry standards for ballast placement, distribution, and size in its Rigby Yard;

j. in failing to act in a reasonably prudent manner under all the facts and circumstances

k. in that they were otherwise reckless or negligent.

15. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious physical injuries and damages.

16. As a result of his injuries, the plaintiff suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

WHEREFORE, plaintiff, Christpher Lawrence, demands judgment against the Defendant in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

**PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL**

Christopher Lawrence
By his attorneys,

DATED: August 26, 2026

*/s/ William J. Gallitto, III*
William J. Gallitto, III, BBO # 004969
BERGEN & PARKINSON, LLC
144 Main Street
Saco, ME 04072
207-283-1000
wgallitto@bergenparkinson.com

/s/ *Robert T. Naumes, Sr.*
Robert T. Naumes, Esq.
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
Fed Bar No.: 09545
Robert@Naumeslaw.com
Attorneys for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*

/s/*Christopher C. Naumes*

NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
BBO # : 671701
christopher@naumeslaw.com
Attorney for Plaintiff
*PRO HAC VICE MOTION TO BE FILED*